# UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ANGEL RUIZ RIVERA, | ) |
|  | ) |
| Petitioner *pro se*, | ) |
|  | ) |
| v. | )    Civil Action No.: 07-0019 (EGS) |
|  | ) |
| ALBERTO R. GONZALES, *et al.*, | ) |
|  | ) |
| Respondents. | ) |
| _____ | ) |

## FEDERAL RESPONDENTS' MOTION TO DISMISS
## PETITION FOR WRIT OF MANDAMUS AND ALL CLAIMS FOR DAMAGES

Respondents,[1] by and through undersigned counsel, hereby move this Court, pursuant to

Fed. R. Civ. P. 12(b)(1), (2), (4), (5), and (6), to dismiss the Petition for Writ of Mandamus filed

herein and all claims for damages on the grounds that Petitioner has failed to establish that this

Court has jurisdiction in this case, and because Petitioner has failed to state a claim upon which

relief can be granted.  In support of this motion, the Court is respectfully referred to the

accompanying Memorandum of Points and Authorities.  A proposed Order granting the relief

requested is also attached.

Respectfully submitted,

 /s/
_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

---

[1] According to the Petition, Respondents include: Alberto Gonzales, Attorney General of
the United States (referred to as the "U.S. Attorney"), H. Marshall Jarrett, Director, U.S.
Department of Justice ("DOJ"), Office of Professional Responsibility ("OPR"), Glenn Fine,
Inspector General, DOJ (referred to as the "Director of the Office of the Inspector General"), and
John Doe and Jane Doe, "unknown OPR or OIG attorneys" in charge of investigating Petitioner's
August 26, 2004 complaint of misconduct made to OPR.  See Petition ¶¶ 2-5.

_____/s/_____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

_____/s/_____
JUDITH A. KIDWELL
Assistant United States Attorney
555 Fourth Street, N.W.- Room E4905
Washington, D.C. 20530
(202) 514-7250

**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

| | |
|---|---|
| ANGEL RUIZ RIVERA, | ) |
| | ) |
| Petitioner *pro se*, | ) |
| | ) |
| v. | ) Civil Action No.: 07-0019 (EGS) |
| | ) |
| ALBERTO R. GONZALES, *et al.*, | ) |
| | ) |
| Respondents. | ) |
| _____ | ) |

**MEMORANDUM OF POINTS AND AUTHORITIES**
**IN SUPPORT OF RESPONDENTS' MOTION TO DISMISS**

## I. INTRODUCTION

Petitioner, Angel Ruiz Rivera ("Rivera"), filed his petition for writ of mandamus seeking to have the Court compel Respondents[1] to concede that they neglected to properly investigate Petitioner's complaint in which he had alleged that certain Assistant United States Attorneys ("AUSAs") in Puerto Rico, while handling litigation on behalf of the United States Department of Education ("DOE"), against the Instituto de Educacion Universal, had engaged in misconduct.[2] Petitioner also seeks to have disciplinary measures and sanctions taken against the OPR or OIG attorneys who were assigned to investigate Petitioner's misconduct complaint and

---

[1] It is unclear why the DOJ/IG is being referred to in this allegation or was named as a party to this action. Petitioner does not allege, nor is there any evidence of, a referral or misconduct complaint to the DOJ/OIG. The Petition also fails to allege any actions or failure to act by the DOJ/IG or DOJ/OIG. According to Petitioner, the case against IEU in Puerto Rico was investigated by DOE/OIG, which has not been named as a party to this action. *See* Petition pp. 7-8, ¶¶ 18- 23.

[2] Petitioner had made this complaint to OPR in a letter dated August 26, 2004, along with a 39-page, single-spaced submission with attachments. Petitioner's complaint to OPR, like his Petition here, alleged criminal and other misconduct by DOE lawyers. The complaint also alleged vicarious liability of the AUSAs in Puerto Rico for their representation of DOE. *See* Petition, Exhibit 4.

against their supervisors for failing to properly supervise their subordinates.  Finally, Petitioner

seeks compensatory and punitive damages[3] against Respondents for alleged violations of 42

U.S.C. §§ 1983, 1985, and 1986.  *See* Petition, pp. 13, 17, and 19.[4]

The Petition in this matter is a litany of grievances against numerous persons.  It is

Petitioner's attempt to relitigate issues that have already been litigated in various federal courts

for over ten years.[5]  As discussed below, the Petition for Writ of Mandamus should be denied and

any claims against Respondents for damages should be dismissed with prejudice.

## II.  BACKGROUND

The IEU was a private, non-profit educational institution based in Puerto Rico, which

received federal student financial assistance funds under Title IV of the Higher Education Act of

1965.[6]  Petitioner Rivera was the president and founder of IEU.  The DOE administered these

---

[3] Punitive damages are warranted only when the defendant commits a tortious act accompanied with fraud, ill will, recklessness, wantonness, oppressiveness, wilful disregard of the plaintiff's rights, or other circumstances tending to aggravate the injury."  *Caulfield v. Stark*, 893 A.2d 970, 979-80 (D.C. 2006).

[4] There is nothing in the Petition to suggest that Petitioner is raising claims under the Federal Tort Claims Act.  In the event that the Court interprets anything in the Petition to raise such a claim, Respondents request that they be given additional time to raise affirmative defenses to such claims, which would include the defenses of sovereign immunity, statute of limitations, and failure to exhaust administrative remedies.

[5] There has been numerous lawsuits and complaints made by Petitioner concerning this matter.  In July 1996, Petitioner filed a complaint against eleven DOE officials.  *See* Petition at FN 4.  In 2004, Petitioner filed a Complaint in the U.S. District Court for the District of Columbia against the Secretary of the U.S. Department of Education based on many of the same allegations contained in his current Petition.  The District Court ordered that the matter be transferred to Puerto Rico.  *See* Civil Action No. 04-610 (RBW).

[6] The tortured history of the initial states of litigation in regard to Petitioner and IEU are recited by the Court in *Instituto de Educacion Universal Corp. v. United States Department of Education*, 209 F.3d 18 (1st Cir. 2000).

2

federal funds and, in 1994, the DOE's Inspector General performed an audit which resulted in adverse findings to the IEU. Thereafter, the DOE declared IEU ineligible to participate in federal student aid programs, imposed a substantial fine, and instituted collection proceedings to recover $1,284,900 in overcharges, $756,864 in excess cash receipts, and $655,554 in unpaid refunds.

The IEU pursued its administrative remedies before an administrative law judge and won a partial reversal. The IEU appealed to the Secretary and, in October 1997, the Secretary vacated the debarment decision, but upheld the other findings. Petitioner, on behalf of IEU, filed a notice purporting to challenge the Secretary's decision in the U.S. Circuit Court for the District of Puerto Rico, which was subsequently transferred to the U.S. District Court for the District of Puerto Rico. The district court dismissed the case and Petitioner appealed. The First Circuit Court of Appeals reversed the district court's decision and remanded the case. *See Instituto de Educacion Universal Corp. v. United States Department of Education*, 98-2225 (RLA) (D.P.R.); *see also Instituto de Educacion Universal Corp. v. United States Department of Education*, 209 F.3d 18 (1st Cir. 2000).[7]

In 2004, the district court in Puerto Rico granted summary judgment in favor of DOE.

---

[7] Petitioner alleges that "since 1998, Ruiz/IEU have been actively pursuing the judicial review of the final USDE action." He contends that "[O]n April 12, 2000, they won their first appeal." However, a review of the appellate court's decision indicates that in 1998, Petitioner purporting to act on behalf of IEU and himself filed an appeal notice to challenge DOE's decision in the circuit court, instead of the district court. Thereafter, the circuit court transferred the matter to the district court with an order interpreting Petitioner's notice of appeal as an attempt to seek judicial review of the final decision by DOE. After what the appellate court describes as a "procedural motley" the district court dismissed the case and Petitioner appealed. The appellate court held that the district court had abused its discretion in dismissing the action rather than affording IEU an opportunity to amend the pleadings. Thus, over two years later, IEU was given a second opportunity to file a complaint to seek judicial review of the Secretary's decision. To suggest that this was a decision on the merits of IEU's case is disingenuous, at best.

*See Instituto de Educacion Universal Corp. v. United States Department of Education*, 341

F.Supp.2d 74 (2004).  IUE and Petitioner appealed the decision, and in May 2006, the First

Circuit Court of Appeals dismissed IEU's action in its entirety "finding all of the appellants'

arguments unavailing."  *See* 2006 WL 1343431.

### III.  LEGAL STANDARDS OF REVIEW FOR  A MOTION TO DISMISS UNDER FEDERAL RULES OF CIVIL PROCEDURE 12(b)(1) and 12(b)(6)

Respondents move to dismiss the Petition filed in this matter pursuant to the Federal

Rules of Civil Procedure, particularly, Rules 12(b)(1) and12(b)(6).  As discussed below, there are

different standards of review for dismissal under these rules.

#### A.  Subject Matter Jurisdiction

"In reviewing a motion to dismiss for lack of subject-matter jurisdiction under Federal

Rule of Civil Procedure 12(b)(1), the court must accept the complaint's well-pled factual

allegations as true and draw all reasonable inferences in the plaintiff's favor."  *Thompson v.

Capitol Police Board*, 120 F. Supp. 2d 78, 81 (D.D.C. 2000) (citations omitted).  "The court is

not required, however, to accept inferences unsupported by the facts alleged or legal conclusions

that are cast as factual allegations."  *Rann v. Chao, Dep't. of Labor*, 154 F. Supp. 2d 61, 64

(D.D.C. 2001) (citations omitted), *affirmed*, 346 F.3d 192 (D.C. Cir. 2003), *cert. denied*, 543

U.S. 809 (2004).  In addition, "[o]n a motion to dismiss pursuant to Rule 12(b)(1), the plaintiff

bears the burden of persuasion to establish subject-matter jurisdiction by a preponderance of the

evidence."  *Thompson*, 120 F. Supp. at 81.

A court may resolve a motion to dismiss for lack of subject matter jurisdiction under Fed.

R. Civ. P. 12(b)(1) in two ways.  First, the court may determine the motion based solely on the

4

complaint. *Herbert v. National Academy of Science*, 974 F.2d 192, 197 (D.C. Cir. 1992).

Alternatively, to determine the existence of jurisdiction, a court may look beyond the allegations of the complaint, consider affidavits and other extrinsic information, and ultimately weigh the conflicting evidence. As explained below, the Court lacks subject matter jurisdiction in this action because:  (1) 42 U.S.C. § 1983 is inapplicable to federal officials acting under color of federal law; (2) any of Petitioner's claims against the United States are barred by the doctrine of sovereign immunity; (3) Petitioner's claims for damages under 42 U.S.C. § 1986 are barred by the statute of limitations; and (4) Petitioner lacks standing.  For these reasons, the Petition herein should be dismissed.

## B.  Failure to State a Claim

When evaluating a motion for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court "must treat the complaint's factual allegations as true and must grant the plaintiff the benefit of all inferences that can be derived from the facts alleged." *Sparrow v. United Air Lines, Inc*., 216 F.3d 1111, 1113 (D.C. Cir. 2000) (internal quotation marks and citations omitted).  However, the Court need not accept "inferences drawn by the plaintiff is such inferences are unsupported by the facts set out in the complaint, nor legal conclusions cast in the form of factual allegations." *Browing v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002) (internal quotation marks and citation omitted).

As discussed below, Petitioner has failed to allege any facts to support his claims under 42 U.S.C. §§ 1985 and 1986, or his claims for violations of constitutional rights.  Accordingly, these claims should be dismissed for failure to state a claim upon which relief can be granted.

## IV.  ARGUMENT

### A.  ALL MONETARY CLAIMS AGAINST RESPONDENTS IN THEIR INDIVIDUAL CAPACITIES SHOULD BE DISMISSED

#### 1.  This Court Lacks Personal Jurisdiction Over Respondents In Their Individual Capacities

This Court is without personal jurisdiction over Respondents in their individual capacities in the absence of proper service.  It is well established that, in an action against a federal employee in an individual capacity, the individually sued respondent or defendant must be served with process in accordance with rules applicable to individual defendants.  *See Lawrence v. Acree*, 79 F.R.D. 669, 670 (D.D.C. 1978); *Delgado v. Bureau of Prisons*, 727 F. Supp. 24 (D.D.C. 1989).  Fed. R. Civ. P. 4 requires that a copy of the summons and complaint be delivered to a defendant (or his appointed agent) personally, or be left "at his dwelling house or usual place of abode with some person of suitable age and discretion" who resides therein.  Service on the Attorney General of the United States or the United States Attorney for the district in which the action is brought, pursuant to the rules applicable to official capacity suits, "does not obviate the requirement of personal service . . . where the action is in substance against a federal official in his individual capacity."  *Lawrence v. Acree*, 79 F.R.D. at 670; *Delgado v. Bureau of Prisons*, 727 F. Supp. at 27.

To the extent that Petitioner seeks relief against federal employees in an individual capacity, the Court must acquire personal jurisdiction in order to enter a binding judgment. *Reuber v. United States*, 750 F.2d 1039, 1049 (D.C. Cir. 1984).  Because the record in this action does not establish proper personal service upon Respondents in their individual capacities, all claims against them in such capacities should be dismissed.

6

**2. The Complaint Fails to State a Claim Upon Which
Relief Can Be Granted Against
<u>Respondents In Their Individual Capacities</u>**

None of the allegations in the Petition support a claim for relief against the named individuals in their individual capacities, because: (a) Title 42, United States Code, Section 1983 is inapplicable to Respondents; (b) any claims made pursuant to 42 U.S.C. § 1986, are derivative and are barred by the statute of limitations; (c) the Court lacks subject matter jurisdiction in the absence of greater specificity in the Petition; and (d) Respondents are entitled to qualified immunity from any claims made by Petitioner for damages.

**a. <u>Title 42, United States Code, Section 1983 is inapplicable to Respondents</u>.**

Petitioner has alleged that the negligence of the OPR attorneys and their supervisor in not properly investigating his complaint constitutes a violation of 42 U.S.C. § 1983. He asserts that the Supreme Court's ruling in *Burns v. Reed*, 500 U.S. 478 (1991), supports his position that Respondents are not automatically immune from liability for damages. Petition p. 13, ¶¶ 3-4.

However, the *Burns* case involved a state, not a federal prosecutor. By its terms, 42 U.S.C. § 1983 is applicable to individuals acting under color of state law.[8] Contrary to Petitioner's argument, federal officials, acting under color of federal law, are not subject to suit under 42 U.S.C. § 1983. *See Resident Council of Allen Parkway Village v. United States Dep't of Hous. and Urban Dev.*, 980 F2d 1043 (5th Cir. 1993).

Significantly, in this case, Petitioner has conceded that Respondents were acting under federal law. *See* Petition p. 12, ¶ 1. Petitioner has, therefore, failed to state a claim under 42

---

[8] The statute provides, in pertinent part, that "[E]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or territory or the District of Columbia, . . . ."

U.S.C. § 1983 against any of the Respondents.

**b.  Petitioner fails to state a claim under 42 U.S.C. § 1985.**

Petitioner's attempts to assert claims of conspiracy under 42 U.S.C. § 1985 (conspiracy to

interfere with civil rights), are likewise unsuccessful. The elements of a civil conspiracy are:

"(1) an agreement between two or more persons; (2) to participate in an unlawful act, or a lawful

act in an unlawful manner; (3) an injury caused by an unlawful overt act performed by one of the

parties to the agreement: (4) which overt act was done pursuant to and in furtherance of the

common scheme." *Halberstam v. Welch*, 705 F.2d 472, 477 (D.C. Cir. 1983).

In this case, the only conspiracy alleged by Petitioner was between the DOE attorneys and

the AUSAs in Puerto Rico that represented DOE in litigation against IEU.[9]  *See* Petition p. 17.

Petitioner only generally alleges that Respondents failed to prevent this alleged conspiracy, but

does not provide any factual basis for this allegation.  *See id.*

Furthermore, there are no allegations that Respondents conspired to prevent an officer

from performing duties, obstructed justice, or intimidated witnesses, and Petitioner has certainly

not alleged any facts which would support an equal protection claim based on a conspiracy

motivated by some racial or class-based discriminatory animus under § 1985(3).  *Hoai v. Vo*, 935

F.2d 308, 314 (D.C.Cir. 1991).  For these reasons, Petitioner has failed to state any claims against

Respondents under 42 U.S.C. § 1985, for which relief can be granted.  These claims should,

─────────────────

[9] These attorneys are not parties to this action.  However, Petitioner filed complaints with
the District of Columbia Bar Counsel ("D.C. Bar Counsel") against three DOE attorneys
involved in his case.  In March 2003, the D.C. Bar Counsel found that Petitioner's allegations did
not warrant an investigation.  Petitioner then filed a petition for writ of mandamus in the U.S.
Court of Appeals for the District of Columbia against the D.C. Bar Counsel, which was
subsequently dismissed.  *See* 2004 WL 2595881.

therefore, be dismissed.  In the event that the Court interprets Petitioner's allegations under this statute to be brought against the United States, such claims would be barred by the doctrine of sovereign immunity.  *See Graves v. United States*, 961 F.Supp. 314, 318 (D.D.C. 1997).

**c.  Any claims pursuant to 42 U.S.C. § 1986 are barred by a one-year statute of limitations**.

Title 42, United States Code, section 1986 is derivative of 42 U.S.C. § 1985 and merely provides a remedy for misprison of a violation of § 1985.  *See Saldivar v. Cadena*, 622 F. Supp. 949, 960 (W.D. Wis. 1985).  Therefore, Petitioner, having failed to state a claim under 42 U.S.C. § 1985, has no viable claim under § 1986.  *Id*.

Moreover, 42 U.S.C. § 1986 provides that "no action under the provisions of this section shall be sustained which is not commenced within one year after the cause of action has accrued."  In this case, OPR responded to Petitioner's complaint in a letter dated December 1, 2004, in which OPR explained that, as a matter of policy, it would not be investigating Petitioner's complaint.  Therefore, any viable claim for improperly handling Petitioner's misconduct complaint would have accrued sometime in December 2004, and Petitioner's complaint should have been filed in December 2005, to meet the statute's one-year limitations period.  However, the Petition in this case was not filed until January 3, 2007, thus, any claims under this statute are barred by the statute of limitations.

**d.  The Petition fails to state a claim for violation of constitutional rights**.

In *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), the Supreme Court held that federal officials can be held liable in their individual capacities for violations of an individual's constitutional rights.  However, the Court must first

determine whether "[T]aken in the light most favorable to the party asserting the injury, the facts

alleged show the officer's conduct violated a constitutional right?" *Barham v. Ramsey*, 434 F.3d

565, 572 (D.C. Cir. 2006) (quoting *Saucier v. Katz*, 533 U.S. 194, 201 (2001)).

In this case, the Petition is devoid of any facts alleging a specific constitutional

deprivation of Petitioner's rights by Respondents.  The only references to unconstitutional

actions are allegations made in reference to DOE attorneys that are not parties to this action.  *See*

Petition p. 7, ¶ 17, p. 9, ¶¶ 22-23, p. 10, ¶ 24.

Accordingly, because there exists no arguable legal bases for Petitioner's claims for

compensatory and punitive damages against Respondents, these claims should be dismissed.

e.  **Respondents are entitled to qualified immunity for claims asserted against them in their individual capacities**.

In any event, Respondents, as federal officials, are entitled to qualified immunity with

respect to any claims for civil damages that Petitioner may be seeking to assert against them in

their individual capacities.  "[G]overnment officials performing discretionary functions generally

are shielded from liability for civil damages insofar as their conduct does not violate clearly

established statutory or constitutional rights of which a reasonable person would have known."

*Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).  An official protected by qualified immunity

enjoys "immunity from suit rather than a mere defense to liability."  *Mitchell v. Forsyth*, 472

U.S. 511, 526 (1985).

If the Court finds that Petitioner has alleged sufficient facts to show the violation of a

constitutional right, the Court must then ask whether the right was clearly established.  *Saucier v.*

*Katz*, 533 U.S. at 201.  Petitioner cannot overcome the qualified immunity defense simply by

alleging abstract rights and bare allegations are insufficient to defeat qualified immunity. *See Anderson v. Creighton*, 483 U.S. 635 (1987); *see also Crawford-El v. Britton*, 523 U.S. 574 (1998).

Qualified immunity protects not only against liability, but from trial and even from discovery. *Siegert v. Gilley*, 500 U.S. 226, 232 (1991) (explaining that qualified immunity protects officials from "expensive and time consuming preparation to defend the suit on its merits" and from "not only unwarranted liability, but unwarranted demands customarily imposed upon those defending a long drawn out lawsuit."). Therefore, immunity should be determined at the earliest stages of litigation. *Harlow v. Fitzgerald*, 457 U.S. at 818; *see also Crawford-El v. Britton*, 523 U.S. at 598 ("[I]f the defendant does plead the immunity defense, the district court should resolve that threshold question before permitting discovery.").

In this case, Petitioner has failed to allege that Respondents' conduct violated any constitutional right, much less a clearly established one. Accordingly, any claims for damages against Respondents in their individual capacities should be dismissed.

## B.  THE COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED AGAINST RESPONDENTS IN THEIR OFFICIAL CAPACITIES

If Petitioner is seeking damages for alleged constitutional torts against Respondents in their official capacities, such claims, absent a specific waiver, are barred by the doctrine of sovereign immunity, because, in reality, he is seeking to impose liability on the United States. *See Brandon v. Holt*, 469 U.S. 464, 471 (1985). The United States has not waived its sovereign immunity from suits for damages based on assertions that its employees' conduct violated the Constitution, even in cases where the employee is alleged to have acted outside his authority.

11

*Federal Deposit Insurance Corp. v. Meyer*, 510 U.S. 471, 483-86 (1994); *Kentucky v. Graham*, 473 U.S. 159,167 (1985); *Clark v. Library of Congress*, 750 F.2d 89, 103-04 (D.C. Cir. 1984).

## C. PETITIONER DOES NOT HAVE STANDING

A cause of action for declaratory or prospective injunctive relief is in essence a suit against a federal official in his official capacity. Petitioner, therefore, has no standing to sue Respondents in their individual capacities because Petitioner's injury, if any, is not redressable by Respondents in their individual capacities. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992) (requiring, for purposes of Article III standing, that the asserted injury will be addressed by a favorable decision.)

In this case, it is questionable whether Petitioner has even been injured as a result of the allegations in the Petition, and whether he is entitled to bring this action in his individual capacity.[10] The Federal Rules of Civil Procedure require that civil actions "be prosecuted in the name of the real party in interest." Fed. R. Civ. P. 17(a). Under Puerto Rican law, IEU, being a corporation, is a separate legal entity from its officers or shareholders. *Colon-Pratts v. Municipality of San Sebastian*, 194 F. Supp.2d 67, 72-73 (D.P.R. 2002). Because IEU, not Petitioner, was the target of the decisions and findings of DOE, it appears that Petitioner lacks standing to bring this action in his own name. Furthermore, IEU, as a corporation, cannot be

---

[10] In a veiled attempt to justify standing, Petitioner alleges that he as been personally assessed by the Internal Revenue Service for IEU's taxes. However, according to Petitioner, this was because, as president of IEU, Petitioner was responsible for IEU's taxes. *See* Petition p. 5. Even assuming *arguendo* that Petitioner was personally assessed taxes, these allegations were not part of the misconduct complaint made to OPR about the litigation handled by the AUSAs in Puerto Rico on behalf of DOE. As he acknowledges, this was "one of the secondary effects." Petition p. 5, ¶ 10. Furthermore, Petitioner has already litigated his tax issues and liability in numerous suits. *See Ruiz Rivera v. I.R.S.*, 226 F. Supp. 2d 345 (D.P.R. 2002); *In re Ruiz Rivera*, 04-1397 (D.C. Cir.).

represented by Petitioner because he is not a licensed attorney.  *See Rowland v. California Men's Colony*, 506 U.S. 1994, 201-02 (1993).[11]

### D.  PETITIONER HAS FAILED TO MEET HIS BURDEN FOR A WRIT OF MANDAMUS

#### 1.  Standard for Writ of Mandamus

Mandamus is a drastic remedy to be invoked only in extraordinary situations.  *See Chatman-Bey v. Thornburgh*, 864 F.2d 804, 806 n. 2 (1988).  It is granted only when essential to the interests of justice.  *See Starnes v. McGuire*, 512 F.2d 918, 929 (D.C. Cir. 1974).  The party seeking mandamus has the "burden of showing that its right to issuance of the writ is 'clear and indisputable.'"  *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 289 (1988) (citing *Bankers Life & Cas. Co. v. Holland*, 346 U.S. 379, 384 (1953)).

Mandamus is available only if:  "(1) the plaintiff has a clear right to relief; (2) that defendant has a clear duty to act; and (3) there is no other adequate remedy available to plaintiff."  *Northern States Power Co. v. U.S. Dep't of Energy*, 128 F.3d 754, 758 (D.C.Cir.1997).

#### 2.  The Office of Professional Responsibility

The OPR was established in DOJ in 1975, in order to ensure that DOJ employees perform their duties in accordance with the professional standards expected of the nation's principal law enforcement agency.  The OPR is responsible for investigating allegations of professional misconduct by DOJ attorneys that pertain to the exercise of their authority to investigate, litigate

---

[11] The Court of Appeals for the First Circuit previously advised Petitioner that "a non-lawyer may not represent a corporation in ongoing proceedings." *See Instituto de Educacion Universal v. Dept. of Education*, 209 F.3d 18, 22 (1st Cir. 2000).

or provide legal advice.

Petitioner alleges that he made a complaint to OPR in August 2004, concerning the conduct of AUSAs in Puerto Rico responsible for representing the DOE in litigation with IEU. His Petition suggests that OPR never responded to Petitioner's complaint. That simply is not true.

In a December 1, 2004, letter to Petitioner, the OPR advised him that, as a policy matter, the OPR did not investigate allegations that could be addressed in the litigation. *See* Government Exhibit A. More significantly, OPR notes in its response that Petitioner had advised OPR that he had raised the same allegations in ongoing litigation, and that those claims were "pending" in the district court. Thus, OPR concluded that "no action by this Office is warranted at this time." *See* Id.

### 3. **Petitioner Has Failed To Meet His Burden for a Writ of Mandamus**

The power of a district court to compel official action by mandatory order is limited to the enforcement of nondiscretionary, plainly defined, and purely ministerial duties. *See Decatur v. Paulding*, 39 U.S. (1 Pet.) 496, 514-17 (1840); *Work v. Rives*, 267 U.S. 175, 177 (1925); *Wilbur v. United States*, 281 U.S. 206, 218 (1930). Courts have no authority to grant relief in the nature of mandamus if the plaintiff has an adequate legal remedy aside from mandamus, such as suit for monetary judgment or the opportunity to raise the legal issues involved in a suit brought by the government. *United States ex rel. Girard Trust Co. v. Helvering*, 301 U.S. 540, 544 (1937).

In this case, Petitioner has failed to show that any duty was owed to him individually, or that he is entitled to such extraordinary relief. Petitioner cannot meet his burden of showing that there is no other adequate remedy available to him. *See Heckler v. Ringer*, 466 U.S. 602 (1984)

14

(mandamus is intended to provide a remedy for a plaintiff only if he has exhausted all other

avenues of relief). Indeed, the petition in this matter demonstrates that Petitioner's real grievance

is the actions taken by DOE against IEU, and these actions have been litigated in other federal

courts for over ten years.

## Conclusion

WHEREFORE, for the foregoing reasons, Respondents respectfully submit that the Court

should deny the Petition for Writ of Mandamus and dismiss all claims against them with

prejudice.

Respectfully submitted,


  /s/
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


  /s/
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney


   /s/
JUDITH A. KIDWELL
Assistant United States Attorney
555 Fourth Street, N.W.- Room E4905
Washington, D.C. 20530
(202) 514-7250

15

## UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **ANGEL RUIZ RIVERA,** | ) |
|  | ) |
| Petitioner *pro se*, | ) |
|  | ) |
| v. | )    **Civil Action No.: 07-0019 (EGS)** |
|  | ) |
| **ALBERTO R. GONZALES,** *et al.*, | ) |
|  | ) |
| Respondents. | ) |
| ——————————————— | ) |

### ORDER

UPON CONSIDERATION OF Respondents' Motion to Dismiss Writ of Mandamus and Memorandum of Points and Authorities in Support Thereof, any Opposition thereto, and the entire record herein, it is this ____ day of April, 2007,

**ORDERED**, that Respondents' motion is **GRANTED**; and it is

**FURTHER ORDERED,** that the Petition for Writ of Mandamus is dismissed with prejudice; and it is

**FURTHER ORDERED**, all claims for damages against Respondents are dismissed with prejudice.

_____
UNITED STATES DISTRICT JUDGE

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 6th day of April, 2007, I caused the foregoing Motion

to Dismiss Petition for Writ of Mandamus, Memorandum of Points and Authorities in Support,

and proposed Order to be served by first class mail, postage prepaid, on:

Angel Ruiz Rivera
P.O. Box 191209
San Juan, P.R. 00919-1209


                _/s/_____
                JUDITH A. KIDWELL
                Assistant United States Attorney

EXHIBIT A



**U.S. Department of Justice**

Office of Professional Responsibility

---

*Washington, D.C. 20530*

DEC – 1 2004

---

Angel Ruiz Rivera
P.O. Box 191209
San Juan, Puerto Rico 00919-1209

Dear Mr. Rivera:

This Office reviewed your submission dated August 26, 2004, in which you raised allegations against Department of Justice attorneys handling litigation against you on behalf of the United States Department of Education.

The Office of Professional Responsibility has jurisdiction to investigate allegations of misconduct involving Department of Justice attorneys or law enforcement personnel that relate to the exercise of an attorney's authority to investigate, litigate or provide legal advice on behalf of the Department. It is, however, the policy of this Office to refrain from investigating issues or allegations that were addressed or that could have been addressed in the course of litigation, unless a court has made a specific finding of misconduct by a DOJ attorney or there are present other extraordinary circumstances. Based on our review of your submission, we have determined that your allegations fall into this category, there is no evidence that the court has made a finding of misconduct, and there are no other extraordinary circumstances present. In this connection, we note that your submission stated that you have raised the same allegations in your ongoing litigation, and that those claims are "pending" in the district court.

Accordingly, we concluded that no action by this Office is warranted at this time.

Sincerely,

James G. Duncan
Associate Counsel