UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ANGEL RUIZ RIVERA, | ) |
| Petitioner *pro se*, | ) |
| v. | ) Civil Action No.: 07-0019 (RBW) |
| ALBERTO R. GONZALES, *et al.*, | ) |
| Respondents. | ) |

**RESPONDENTS' REPLY**

The Respondents,[1] by and through undersigned counsel, hereby file their reply to the Petitioner's response to the Respondents' motion to dismiss.

**I.   The Petitioner Seeks Discretionary Action**

The Petitioner asserts that he "clearly seeks" from the Respondents "disciplinary measures" against certain "USAO Attorneys" because, in his opinion, these USAO attorneys failed to properly investigate the case against the Petitioner and his school. Petitioner's Response ("Response") pp. 1-2.[2] The Petitioner acknowledges that the crux of his grievance is that the Respondents failed to properly investigate claims that he had made in his "Complaint for

---

[1] According to the Petition, the Respondents include: Alberto Gonzales, Attorney General of the United States (referred to as the "U.S. Attorney"), H. Marshall Jarrett, Director, U.S. Department of Justice ("DOJ"), Office of Professional Responsibility ("OPR"), Glenn Fine, Inspector General, DOJ (referred to as the "Director of the Office of the Inspector General"), and John Doe and Jane Doe, "unknown OPR or OIG attorneys" in charge of investigating the Petitioner's August 26, 2004 complaint of misconduct made to OPR. *See* Petition for Writ of Mandamus ¶¶ 2-5.

[2] Much of the Petitioner's response is directed at individuals or entities who are not parties to this action, such as the United States Department of Education. His "kitchen sink" of legal theories supports the Respondents' position that the Petitioner is merely attempting to relitigate a case he lost in Puerto Rico many years ago.

Misconduct" against these USAOs. Response pp. 1-2.

However, the OPR's decisions to investigate complaints or recommend disciplinary actions are discretionary decisions and not ministerial acts. *See Weber v. United States*, 209 F.3d 756, 760 (D.C. Cir. 2000) (distinguishing between "highly discretionary" and "a ministerial act that an agency has a clear duty to perform.") (citing *Council of and for the Blind of Delaware County Valley, Inc. v. Regan*, 709 F.2d 1521, 1533 (D.C. Cir. 1983) (en banc)). An official action is not ministerial unless "the duty in a particular situation is so plainly prescribed as to be free from doubt and equivalent to a positive command." *Wilbur v. United States*, 281 U.S. 206, 218 (1930).

The OPR and the OIG[3] have the authority to investigate complaints, but they are not mandated to investigate every complaint they receive. *See* 28 C.F.R. Parts 0 and 45. Nor, does the OPR always recommend action as a result of an investigation. *See* OPR Fiscal Year 2004 Annual Report, www.usdoj.gov/opr/annualreport2004.htm.

The Petitioner, therefore, has no grounds for a writ of mandamus against any of the Respondents.[4] Accordingly, this action should be dismissed.

## II.     The Petitioner Is Not Entitled To Discovery

The Petitioner argues that because the Respondents did not include "any evidence whatsoever in support of their Motion to Dismiss," that he is entitled to discovery. The

---

[3] There is no evidence that the OIG ever received a complaint from the Petitioner or investigated this matter, and the Petitioner has offered nothing to support bringing this action against the OIG.

[4] The Petitioner has acknowledged that he is not even sure which of the Respondents are properly before the Court. *See* Response, p. 3.

Petitioner cites *Crawford-El v. Britton*, 523 U.S. 574 (1998) in support of this argument.

It is unclear what facts the Petitioner would attempt to discover, but his reliance on the *Crawford-El* case is misplaced. That case involved a constitutional action brought by an inmate under 42 U.S.C. § 1983. The Petitioner's action is a writ of mandamus in which he seeks disciplinary action for what he alleges are the Respondents' failures to investigate his complaint of misconduct.[5] He, therefore, is not entitled to discovery. Moreover, the Respondents, in their motion to dismiss, have demonstrated that the Petitioner has failed to raise a constitutional issue in his petition and would be no more successful in bringing that type of action than he has been in the past. *See* Respondents' Motion to Dismiss, FN 5.

## Conclusion

For the reasons stated herein, the Respondents respectfully request that the petition for writ of mandamus filed herein be dismissed.

Dated: May 31, 2007

                Respectfully submitted,

                  /s/
                JEFFREY A. TAYLOR, D.C. BAR # 498610
                United States Attorney

                  /s/
                RUDOLPH CONTRERAS, D.C. BAR # 434122
                Assistant United States Attorney

---

[5] In fact, the Petitioner criticizes the Respondents' motion to dismiss and, what he perceives as Respondents' attempts to convert his action to another type of complaint. The Petitioner makes it very clear that he intends his action to be a "Mandamus Petition." *See* Response, p. 5.

        /s/
_____
JUDITH A. KIDWELL
Assistant United States Attorney
555 Fourth Street, N.W.- Room E4905
Washington, D.C. 20530
(202) 514-7250

## **CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on this 31st day of May, 2007, I caused the foregoing

Respondents' Reply to be served by first class mail, postage prepaid, on:

Angel Ruiz Rivera
P.O. Box 191209
San Juan, P.R. 00919-1209

                                        /s/_____
                                        JUDITH A. KIDWELL
                                        Assistant United States Attorney