UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANGEL RUIZ RIVERA, )<br>)<br>  Petitioner/ )<br>  Plaintiff, )<br>)<br> v. )<br>)<br>MICHAEL B. MUKASEY, )<br>Attorney General,  et al., )<br>)<br>  Respondents/ )<br>  Defendants. )<br>) | Civil Action No. 07-0019 (RBW) |

ORDER

    Angel Ruiz Rivera, the petitioner/plaintiff in this civil case,[1] petitions this Court for a writ of mandamus directing Michael B. Mukasey, the Attorney General for the United States, along with H. Marshall Jarett, the Director of the United States Department of Justice's Office of Professional Responsibility (the "OPR"), Glenn Fine, the Inspector General of the United States Department of Justice, and unnamed Assistant United States Attorneys, to properly "investigate[] a complaint for misconduct filed by [the petitioner] against other [Assistant United States Attorneys]," Mandamus Petition at 2, and requests in the alternative that the Court award him "just compensatory and punitive damages" pursuant to 42 U.S.C. §§ 1983, 1985, and 1986

---

[1] For ease of reference, the Court will refer to Ruiz Rivera simply as the "petitioner" throughout this order, and to the various respondent/defendants named by the petitioner in his mandamus petition as the "respondents."

(2000), id. ¶ 4.[2]  On December 14, 2007, the Court entered an order in which it granted the respondents' motion to dismiss the petitioner's mandamus petition for lack of standing (the "Dismissal Order").  Currently before the Court is the petitioner's Motion for New Trial or to Alter or Amend Judgment (the "Pet'r.'s Mot.").  After carefully reviewing the Court's prior Dismissal Order (and all documents considered by the Court before entering that order) and the petitioner's motion for reconsideration, the Court concludes for the reasons that follow that it must deny the petitioner's motion.

As this Court has noted in the past, motions for reconsideration under Rule 59(e) are "disfavored" and "should be granted only under extraordinary circumstances."  Center for Science in the Public Interest v. FDA, No. Civ. A. 03-1962, 2004 WL 2218658, *2 (D.D.C. Sept. 17, 2004) (Walton, J.).  Indeed, such a motion "need not be granted unless the district court finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice."  Messina v. Krakower, 439 F.3d 755, 758 (D.C. Cir. 2006) (internal quotation and citation omitted).  The petitioner does not contend that there has been a "change of controlling law" since the Court entered its Dismissal Order, that there is "new evidence" that merits the Court's attention with respect to the issue of standing,[3] or that some other form of "manifest injustice" will result from the Court's order.  Thus, the only

---

[2] For purposes of brevity, the Court will refrain from recapitulating the factual and procedural background of this case.  A full accounting of these details is set forth in the Court's Dismissal Order, which the Court assumes reader familiarity.  See Dismissal Order at 3-4 & n.6 (recounting the factual and procedural basis for the petitioner's mandamus petition).

[3] The petitioner urges the Court to reconsider his petition for a writ of mandamus in light of the "smoking gun" evidence that the petitioner included in a supplemental filing entitled "Motion [t]o Facilitate [a] Ruling."  Pet'r.'s Mot. ¶ 1.  But even if this evidence had been unavailable to the petitioner when he filed his opposition to the respondents' motion to dismiss, it is still irrelevant to the standing issue found to be dispositive by the Court in its Dismissal Order.

possible basis for reconsideration of the Court's Dismissal Order would be "a clear error" in the legal reasoning leading to the entry of the order.

In its Dismissal Order, the Court explained that the petitioner lacked standing to petition for a writ of mandamus that would compel the OPR or the OIG to investigate the conduct of certain Assistant United States Attorneys for the District of Puerto Rico because "a citizen lacks standing to contest the policies of [a] prosecuting authority when he himself is neither prosecuted nor threatened with prosecution." Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973) (quoted in Dismissal Order at 4). The Court recognized that the petitioner holds a deeply personal interest in the outcome of any such investigation, but concluded that such an interest is not cognizable under controlling principles of law. See Dismissal Order at 4-6 (holding that the petitioner's request, if granted, "would not benefit the petitioner in any 'concrete' or 'actual' way"). Instead, the Court reasoned, the petitioner's mandamus petition was akin "to suits by private citizens against state bars or their officials who refuse to prosecute the citizens' complaints," id. at 5, which courts uniformly dismiss for lack of standing, see id. at 5-6 (collecting cases). The Court therefore refused to "entangle [itself] in the internal investigative processes of the DOJ," and granted the respondents' motion to dismiss. Id. at 5-6.

Nothing in the petitioner's motion for reconsideration suggests any error in the Court's reasoning. To the contrary, the petitioner's assertions that he has "suffered personally [from] the illegal and wrongful imputation of [t]rust [f]und [l]iabilities . . . by the [United States] Department of the Treasury . . . [and the] Internal Revenue Service," Pet'r.'s Mot. ¶ 3, and that these trust fund liabilities "can be used at any time . . . to indict and file criminal charges against [him]," id. ¶ 7, only underscores the point that compelling the OPR or OIG to investigate its own

attorneys would not alleviate the petitioner's alleged injuries. Rather, such an investigation would at most "result in a report recommending an appropriate range of internal disciplinary actions for consideration by the attorney's supervisors . . . or, if the misconduct were serious enough, a referral to the bar disciplinary authorities in the jurisdiction where the attorney is licensed advising those authorities of the agency's findings." Dismissal Order at 5 (internal quotations and citations omitted).

It may be the case that the petitioner has been harmed by the conduct of certain Assistant United States Attorneys in the past. But forcing the OPR or the OIG to initiate an internal investigation of its own attorneys will not remedy that harm. The petitioner's motion for reconsideration is therefore without merit and must be denied.

It is therefore

**ORDERED** that the petitioner's Motion for New Trial or to Alter or Amend Judgment is **DENIED**.

**SO ORDERED** this 10th day of January, 2008.

REGGIE B. WALTON
United States District Judge